# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-06921-RGK-SK | Date | August 16, 2024 |
|---|---|---|---|
| Title | *Kimberlee Siervi v. FCA US LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  
Not Present

Attorneys Present for Defendants:  
Not Present

**Proceedings:** (IN CHAMBERS) Order to Show Cause Re: Amount in Controversy [DE 1]

On July 9, 2024, Kimberlee Siervi ("Plaintiff") filed a Complaint against FCA US, LLC ("Defendant") in Los Angeles County Superior Court alleging Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), Cal. Civ. Code §§ 1790, *et seq*. Plaintiff's allegations arise from her purchase of a 2023 Jeep Wrangler ("Vehicle") from Defendant under an installment contract. On August 15, 2024, Defendant removed the action to this Court on the basis of diversity jurisdiction.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06921-RGK-SK | Date | August 16, 2024 |
|---|---|---|---|
| Title | *Kimberlee Siervi v. FCA US LLC* | | |

Plaintiffs seek replacement or restitution for all money paid, incidental and consequential damages, civil penalties, and actual attorneys' fees, among other remedies, under the Song-Beverly Act. In support of removal, Defendant declares that that the Vehicle's purchase price was $79,001.28, and that the mileage offset was $8,083.35, thereby leading to $70,917.93 in actual damages. (Proudfoot Decl. ¶¶ 7–8, ECF No. 3.) Defendant adds that amount to potential penalties to arrive at an amount in controversy of $141,835.59.

Defendant, however, fails to plausibly allege that the amount in controversy exceeds $75,000. Under the Song-Beverly Act, a plaintiff's recovery is limited to the amount actually paid, not the vehicle's purchase price. Cal. Civ. Code § 1793.2(d)(1). Here, although the Vehicle's purchase price was $79,001.28, Plaintiff has paid only $61,639.28 under the installment contract. That amount subtracted by the mileage offset arrives at a net sum of $53,555.93—well short of the $75,000 threshold. Further, while civil penalties and attorneys' fees are available for willful failure to comply with the Song-Beverly Act, Defendant has not offered any evidence to support such an award. The Court declines to speculate as to what this award might be.

For the foregoing reasons, Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **ORDERS** Defendant to **show cause in writing** why the jurisdictional requirements are or are not satisfied. Such a response **shall not exceed five pages** and must be submitted within **six days of this Order's issuance.**

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | JRE/dc |